**Edward GUERRA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–384–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 12, 1993.

Rehearing Overruled Feb. 17, 1993.

Trimber & McAfee, P.C., George R. Trimber, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Anne E. Swenson, Asst., Fort Worth, for state.

Before HILL, FARRIS and LATTIMORE, JJ.

### OPINION

HILL, Justice.

Edward Guerra appeals his conviction by a jury for the offense of driving while intoxicated. The jury assessed his punishment at 60 days confinement in the Tarrant County jail, and a $2,000 fine, and recommended the suspension of his Texas driver's license for 180 days. In a sole point of error, Guerra contends that the trial court erred by overruling his motion for instructed verdict, presented at the conclusion of the State's case in chief.

We affirm, because we find that the evidence is sufficient to support Guerra's conviction for driving while intoxicated.

The standard of review on sufficiency of the evidence is the same for direct and circumstantial evidence cases. Therefore, we must determine whether, after viewing

the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App. 1989). Where a sufficiency of the evidence challenge is raised in a circumstantial evidence case tried before *Geesa v. State,* 820 S.W.2d 154, 155–56 (Tex.Crim.App.1991), such as the case here, we ordinarily utilize the outstanding reasonable hypothesis theory as an analytical tool. *Madden v. State,* 799 S.W.2d 683, 690 (Tex.Crim.App.1990).

On June 1, 1989, shortly before 2:53 a.m., veteran Firefighter/Paramedic Scott Mitchell was at the emergency room of the HEB Hospital, when all the lights went off in the hospital and surrounding areas. Officer Mitchell explained that such a momentary power outage at that time of night usually meant someone nearby had just run into a utility pole.

Subsequently, at 2:53 a.m., Officer Mitchell received a call to leave the emergency room at HEB Hospital and go to the site of a one-car accident at 2100 Murphy Drive, Tarrant County, Texas. Upon his arrival at 2100 Murphy Drive, at 2:56 a.m., Officer Mitchell discovered a van which had left the dry roadway and struck a utility pole. When he arrived at the scene the van was "steaming" and, as far as he recalled, the keys were in the ignition. Additionally, he found both the driver's door and passenger's door closed, with the passenger door not only closed, but jammed shut due to the van's impact on the utility pole.

Officer Mitchell went on to identify Guerra as the only person present at the site of the accident. He found Guerra unconscious, sitting in the driver's seat of the van, with his feet directly down on the floorboard area of the driver's side and his body angled toward the passenger's side of the van. When he approached the van, he was struck by a very strong odor of alcoholic beverages emanating both from the van and Guerra's person. He described Guerra as having bloodshot and blurry but responsive eyes which did not indicate a head injury. The officer stated that his opinion was based on his experience and observation.

Officer R.W. Humphrey testified that he was on patrol for the Bedford Police Department on June 1, 1989, when he received a dispatch at 2:53 a.m. to go to the site of a one-car accident at 2100 Murphy Drive. When he arrived at the scene of the accident, he discovered a van which, for no apparent reason, had left the dry roadway and struck a utility pole. He also found the van's motor running and a mobile phone inside the wrecked van.

Like Officer Mitchell, Officer Humphrey found Guerra alone in the van wreckage, sitting behind the wheel, semi-conscious. A registration check on the van revealed it was registered to Guerra's business address. It was also Officer Humphrey's opinion that Guerra was the only one who could have been the driver of the van.

Officer Humphrey went to the hospital, where they had transported Guerra, to talk to him about the accident and to determine why he had driven off the road and struck a utility pole. Officer Humphrey went on to give his opinion, based on years of experience and training, that Guerra was intoxicated.

Bobby Weir, one of Guerra's employees, testified that between the hours of 11:30 p.m. on May 31, 1989, and 2:00 a.m. on June 1, 1989, he and Guerra had bought and drunk a six pack of beer while looking for a location for a new body shop. He said then it was sometime after 2:00 a.m. when Guerra drove home in the company van which Guerra owned and operated. He indicated that Guerra's home was approximately fifteen to twenty minutes away and the accident occurred about one mile from Guerra's house.

In addition to his employee, Guerra called his wife, Mrs. Virginia Guerra, who testified that her husband telephoned her at home on June 1, 1989, sometime after 2:00 a.m., and about twenty minutes before the accident. She went on to say that at about 2:30 a.m. or 2:45 a.m. she was standing in the doorway waiting for him when she heard sirens, ambulances, and fire trucks. She later saw her husband at the hospital.

We hold that the evidence is sufficient to support the jury's verdict so that the trial court did not err in overruling Guerra's motion for instructed verdict. *See Perez v. State* 432 S.W.2d 954, 955 (Tex.Crim.App. 1968). Perez's conviction for driving while intoxicated was affirmed on appeal after he was found alone in his vehicle *immediately* after an accident. The Texas Court of Criminal Appeals held that the evidence was sufficient to support his conviction. We hold that the evidence in this case showing that Guerra had been driving his vehicle thirty minutes or less before the time he was found alone in the vehicle, in an intoxicated state, is also sufficient evidence to entitle the jury to determine that he had been driving the vehicle while intoxicated.

Guerra relies on several cases, including *Hanson v. State*, 781 S.W.2d 445 (Tex. App.—Fort Worth 1989, pet. granted), *abated per curiam*, 790 S.W.2d 646 (Tex. Crim.App.1990); *McCafferty v. State*, 748 S.W.2d 489 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Ballard v. State*, 757 S.W.2d 389 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Reddie v. State*, 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. ref'd); *Coleman v. State*, 704 S.W.2d 511 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd); and *Sinast v. State*, 688 S.W.2d 631 (Tex.App.—Corpus Christi), *pet. ref'd per curiam*, 698 S.W.2d 153 (Tex.Crim. App.1985). We find all of those cases to be distinguishable because in all of them there was either no evidence that the accident where the intoxicated defendant was found had recently occurred, and in some of the cases there was not even sufficient evidence to show that the defendant had been driving the car. In this case there was evidence that the defendant had been driving the car within thirty minutes or less from the time he was found under the circumstances described. We overrule Guerra's sole point of error.

The judgment is affirmed.