**The STATE of Texas, Appellant,**

v.

**Johnny Horace SAVAGE, III, Appellee.**

**No. 04–94–00036–CR.**

Court of Appeals of Texas,
San Antonio.

June 28, 1995.

Discretionary Review Granted Oct. 25, 1995.

See also 905 S.W.2d 268.

Margaret M. Fent, Assistant Criminal District Attorney, San Antonio, for appellant.

George Scharmen, Dick Ryman, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

OPINION

RICKHOFF, Justice.

The State appeals the trial court's order granting judgment non obstante veredicto (JNOV) in favor of appellee, Johnny Horace Savage. After a jury found Savage guilty of driving while intoxicated (DWI), the trial court granted his motion for JNOV. In a prior opinion on Savage's motion to dismiss the appeal for lack of jurisdiction, this Court found the JNOV to be, in effect, a motion for new trial, which the State was entitled to appeal under TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2) (Vernon Supp.1995). *State v. Savage*, 905 S.W.2d 268, 272 (Tex.App.—San Antonio, 1994) (per curiam) (not originally designated for publication; subsequently ordered published). In a single point of error, the State contends the trial court abused its discretion in granting the JNOV because there was sufficient evidence to support the jury's verdict. We reverse the trial court's order and remand for entry of judgment on the jury's verdict and for punishment.

### Summary of Facts

The trial evidence shows that San Antonio Police Officers Michael King and Donald Abram were on patrol at approximately 2:30 a.m. on June 26, 1994, when they saw a pickup truck stopped on the entrance ramp of southbound Interstate Highway 35 near Coliseum Road. The vehicle was located on the roadway, not the shoulder. When the officers approached the vehicle, they saw Savage sitting behind the steering wheel asleep. His feet were on the floorboard. The truck's headlights were on, the engine was running, the gear shift was in park, and the tires were not flat.

Officer King testified that it was difficult to awaken Savage; but, once awake, he immediately started to describe his destination. He did not know where he was and asked the officers to take him to a hotel. Savage noticed that he was stopped in the traffic lane and asked the officers to let him move his car.

The officers noticed that Savage's voice was slurred, he had difficulty following in-

structions, he stumbled and smelled of alcohol. The officers found no intoxicants or empty containers in Savage's car. After conducting several field sobriety tests, they concluded that Savage was intoxicated. A later intoxilyzer test showed a blood alcohol level of 0.134. At trial, Savage stipulated to the test result and to the fact that he was intoxicated at the time the officers approached him.

While at the scene, the officers also observed a puddle of water about one foot in diameter underneath Savage's car, apparently coming from the vehicle's air conditioning. King testified that the car was parked on a slight incline and that the puddle would have flowed downhill if the car had been there a long time.

### Sufficiency of the Evidence

Savage's written motion for JNOV alleged the evidence was insufficient to support the jury verdict. On appeal, the State contends the trial court abused its discretion in granting the JNOV because sufficient evidence supported the jury verdict. As explained above, we previously found the JNOV to be the equivalent of a motion for new trial. *Savage,* at 272.

■ A motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question, and the trial court must apply the same legal test as that employed by the appellate court. *State v. Davenport,* 866 S.W.2d 767, 771 (Tex.App.—San Antonio 1993, no pet.) (citing *State v. Daniels,* 761 S.W.2d 42, 45 (Tex.App.—Austin 1988, pet. ref'd)). The trial court must decide, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.; State v. Macias,* 791 S.W.2d 325, 329–30 (Tex.App.—San Antonio 1990, pet. ref'd). If the evidence meets the standard, it is an abuse of discretion for the trial court to grant the motion for new trial. *Davenport,* 866 S.W.2d at 771 (citing *Daniels,* 761 S.W.2d at 45).

■ To support a DWI conviction, the evidence must show that the defendant drove a motor vehicle while intoxicated on a public road, street, highway, or alley. *Little v. State,* 853 S.W.2d 179, 183 (Tex.App.—Corpus Christi 1993, no pet.); *Reddie v. State,* 736 S.W.2d 923, 925 (Tex.App.—San Antonio 1987, pet. ref'd). Clearly, the entrance ramp to a highway is a public place. *See Kapuscinski v. State,* 878 S.W.2d 248, 250 (Tex.App.—San Antonio 1994, pet. ref'd) (defining public places). Therefore, in Savage's case, we must determine whether a rational jury could find that Savage was driving his truck while intoxicated.

■ The officers found Savage sitting behind the steering wheel of a pickup that was stopped in the roadway with its lights on and engine running. From these facts, the jury could reasonably infer that Savage had been driving the truck. *See Pope v. State,* 802 S.W.2d 418, 420 (Tex.App.—Austin 1991, no pet.); *Hernandez v. State,* 773 S.W.2d 761, 762 (Tex.App.—San Antonio 1989, no pet.) (collecting similar cases). The officers also testified about a puddle of water beneath Savage's car that appeared to have only recently accumulated. They also described Savage's poor performance on the field sobriety tests. These facts reasonably support the inference that appellant was intoxicated when he drove to the spot where the officers found him. *See Daricek v. State,* 875 S.W.2d 770, 773 (Tex.App.—Austin 1994, pet. ref'd); *Guerra v. State,* 846 S.W.2d 124, 126 (Tex.App.—Fort Worth 1993, no pet.); *Pope,* 802 S.W.2d at 420.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense of DWI beyond a reasonable doubt. Accordingly, the trial court abused its discretion in granting Savage's JNOV based on the sufficiency of the evidence.

We sustain the State's sole point of error.

### Conclusion

We reverse the trial court's order and remand to the trial court with instructions to enter a judgment of conviction according to

the jury's verdict and to proceed with sentencing.