Vacated and Remanded and Opinion filed June 15, 2006









Vacated and Remanded and Opinion filed June 15, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00537-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

VICTOR PROVOST, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 03CR2234

 



 

O P I N I O N

The State appeals the trial court=s granting a
motion for new trial and setting aside the conviction of Victor Provost,
appellee, for possession of a controlled substance.  We vacate the order granting the motion for new
trial and remand the cause to the trial court to enter judgment of conviction
in accordance with the jury=s verdict.

                                                  Background








Appellee entered a plea of Anot guilty@ to the offense of
possession of a controlled substance and proceeded to a jury trial.  During the cross-examination of one of the
arresting officers, appellee=s trial counsel
sought to introduce the police report. 
The police report referred to appellee as Aa documented and
well know[n] member of the bloods gang and a drug dealer.@  In the following exchange among the trial
judge, appellee=s trial attorney, and the prosecutor, the
prosecutor pointed out the statement in the police report to the trial judge
and appellee=s attorney: 

MR. BURKS [appellee=s attorney]:  I would like to offer Defendant=s exhibit 1.

                                         (At
the Bench, on the record:)

MS. CHESLEY [the prosecutor]:  Your Honor, I have no objection to him
admitting this but he needs to be fully aware that the [first] paragraph states
that victim [sic] is a well known member of the bloods gang and a drug dealer.

MR. BURKS:  I understand that, Your Honor.  I=m offering it so obviously I understand.  

THE COURT:  Okay. 
Is this part of your strategy?

MR. BURKS:  Yes.

THE COURT:  Okay.

MS. CHESLEY:  No
objection.

The police report, in its entirety, was
admitted into evidence.  The jury found
appellee guilty of possession of a controlled substance.  Prior to the start of the sentencing phase of
the trial, appellee filed a motion for instructed verdict, which the trial
court denied.  Appellee also filed a motion
to reconsider the denial of his motion for a directed verdict, which the trial
court also denied.  

The trial court sentenced appellee to 10
years= incarceration in
the Texas Department of Criminal Justice, Institutional Division.  After sentencing, appellee filed a motion for
new trial challenging the legal sufficiency of the evidence supporting his
conviction.  Appellant=s motion for new
trial also cited Article 38.17 of the Texas Code of Criminal Procedure, which
requires the trial court to direct a verdict of acquittal when two witnesses
are not called as required by law and when accomplice witnesses testimony must
be corroborated by the circumstances.  Tex. Code Crim. Proc. art. 38.17 (Vernon
2005).  








On May 6, 2005, the trial court granted
appellee=s motion for new
trial.  When granting the motion, the
trial court struck through the phrase in the order, Athe Court finds
the evidence insufficient to support the verdict.@  On May 25, 2005, the trial court also made
the following findings of fact and conclusions of law explaining that its
ruling was based on ineffective assistance of counsel for introducing the
police report containing the statement referring to appellee as Aa documented and
well know[n] member of the bloods gang and a drug dealer@:

                                             I.  FINDINGS OF FACT

1.       The defendant, Victor Provost, was tried
by a jury for the felony offense of possession of a controlled substance,
namely, cocaine, in an amount of four grams or more but less than 200 gramsCwith enhancement.  The trial began on March 17, 2005.

2.       The attorney representing the defendant,
Gerald Burks offered the arresting officer=s offense report into evidence as Defendant=s Exhibit No. 1 during the
guilt-innocence phase of the trial.

3.       The State=s attorney, Karen Chesley, asked
the Court for a sidebar conference.  At
the bench, outside the hearing of the jury, Ms. Chesley stated that State had
no objections but wanted to point out to the Court and to Mr. Burks that the
offense report stated that the defendant is a well know member of the Bloods
gang and a drug dealer.  

4.       Mr. Burks stated that he understood that
and still wanted to introduce the offense report into evidence.

5.       The Court asked Mr. Burks if this
decision was part of this trial strategy.

6.       Mr. Burks stated that it was.

7.       Mr. Burks did nothing during the
remainder of the trial to indicate that introducing the evidence of the
defendant=s being a known drug dealer and
member of the Bloods gang was part of his trial strategy.  He never referred to, alluded to or explained
anything about that information to the jury. 









8.       The jury returned a verdict of guilty for
Mr. Provost on March 18, 2005.

9.       On
May 5, 2005 the Court granted the defendant=s Motion for New
Trial.

                                         II.  CONCLUSIONS OF LAW

1.       The evidence of the Defendant=s being a known drug dealer and
member of the Bloods gang was extremely prejudicial.  That prejudice far outweighed any probative
value.

2.       The
defense attorney, Gerald Burks, was ineffective in his representation of Mr.
Provost by introducing to the jury the information that his client, Victor
Provost, was a known drug dealer and member of the Bloods gang during the
guilt-innocence phase of the trial.

    Trial
Court=s Jurisdiction in Granting a Motion for New Trial

In its first issue, the State contends
that because the ground on which the trial court granted the motion for new
trial, i.e., ineffective assistance of counsel, was not raised in appellee=s motion, the
trial court was without authority to order a new trial.  Appellee responds by arguing that the State=s position is at
odds with jurisprudence that preserves the defendant=s right to counsel
Afrom implied
waiver by procedural default.@  Appellee further claims the State=s contention that
the trial court lacked authority to grant a new trial on a ground not raised in
the motion for new trial fails to consider the trial court=s independent duty
to ensure the defendant=s constitutional right to counsel by
ordering a new trial when justice has not been done.








While appellant=s general
suppositions are true, they have no relevance to the point at issue.[1]  We recognize that a defendant may raise
ineffective assistance of counsel in a motion for new trial even though it is
not a ground specifically enumerated in Rule 21.3 of the Rules of Appellate
Procedure.[2]  State v. Gonzalez, 855 S.W.2d 692, 694
(Tex. Crim. App. 1993) (citing Reyes v. State, 849 S.W.2d 812, 815 (Tex.
Crim. App. 1993)).  Similarly, the trial
court may grant a motion for new trial in the interest of justice even though
it is not one of the grounds for granting a new trial specifically enumerated
in rule 21.3.  Id.  

However, appellee=s argument that
the trial court can grant a motion for new trial in the interest of justice
does not advance his case here because a defendant must allege sufficient
grounds (even if they are not enumerated in rule 21.3) to apprise the trial
judge and the State as to why he believes himself entitled to a new trial.  Id. at 694B95.[3]  Moreover, it is well settled that a motion
for new trial in a criminal case may be granted only on the defendant=s timely motionCthe trial court
has no authority to grant a new trial on its own motion.  Ex parte Ybarra, 629 S.W.2d 943, 945
(Tex. Crim. App. 1982); Zaragosa v. State, 588 S.W.2d 322, 326B27 (Tex. Crim.
App. 1979).  








Here, appellee did not raise ineffective
assistance of counsel in his motion for new trial.  Thus, the trial court lacked authority to
order a new trial on ineffective assistance of counsel.  Moreover, because the trial court had no
authority to grant a new trial on a ground not raised by the defendant in his
motion, its findings of fact and conclusions of law setting forth the ineffective
assistance ground are not relevant.

Nevertheless, we will uphold the trial
court=s judgment if any
appropriate ground exists to support it. 
State v. Belcher, 183 S.W.3d 443, 447 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Thus, we must
still address the grounds raised in appellee=s motion for new
trial even though it is apparent the trial court did not grant a new trial on
those grounds.  

                       Motion for New Trial Standard of Review

The granting of a motion for new trial is
a matter within the trial court=s discretion.  Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995).  The reviewing court
does not substitute its judgment for that of the trial court, but, instead,
decides whether the trial court=s decision was
arbitrary or unreasonable.  Id.  We will reverse only when the trial court=s decision was
clearly wrong and outside the zone of reasonable disagreement.  Gonzalez, 855 S.W.2d at 694 n.4.  The ruling of the trial court is presumed
correct and the burden rests on the State to establish the contrary.  Kelley, 20 S.W.3d at 150B51 (citing Lee
v. State, 167 Tex. Crim. 608, 322 S.W.2d 260, 262 (1958)).  

                              Legal Sufficiency of the Evidence








Appellee argues we
should apply a factual sufficiency standard of review.  Appellee, however, did not assert factual
insufficiency, but, instead, legal insufficiency.  Thus, we will address the legal sufficiency
ground as asserted in appellee=s motion for new
trial.  When deciding a motion for new
trial challenging the legal sufficiency of the evidence, the trial court
applies the appellate legal sufficiency standard of review.  State v. Mercier, 164 S.W.3d 799, 813
(Tex. App.CCorpus Christi 2005, pet. ref=d); State v.
Savage, 905 S.W.2d 272, 274 (Tex. App.CSan Antonio 1995),
aff=d, 933 S.W.2d 497 (Tex. Crim. App.
1996).  Thus, the trial court, viewing
the evidence in the light most favorable to the verdict, must determine whether
any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  State
v. Lewis, 151 S.W.3d 213, 220 (Tex. App.CTyler 2004, pet.
ref=d); State v.
Daniels, 761 S.W.2d 42, 45 (Tex. App.CAustin 1988, pet.
ref=d).  When reviewing the evidence, the trial court
may not sit as the thirteenth juror and may not substitute its beliefs for
those of the jury.  State v. Hart,
905 S.W.2d 690, 693 (Tex. App.CHouston [14th
Dist.] 1995, pet. ref=d). 
If the evidence meets this standard, the trial court has abused its
discretion in granting the motion for new trial.  Savage, 905 S.W.2d at 274; Daniels,
761 S.W.2d at 45.  

On July 11, 2003, Officer Quinn Pearson of
the Galveston Police Department was patrolling an area around the Sandpiper
Cove Apartments on Galveston Island. 
Pearson was traveling down Avenue H when he saw appellee, whose driver=s license was
suspended, driving a car .  Pearson
turned around and Atried to stop him on traffic,@ but appellee had
turned down 40th Street.  Pearson lost
sight of appellee, but eventually saw him pulled over to the side, sitting in
his vehicle with no lights on.  

Pearson testified that he pulled up next
to appellee with their vehicles Aalmost door to
door.@  When Pearson stepped out of his vehicle, he
smelled the odor of burning marijuana and ordered appellee to turn off the car
or step out of it.  Appellee did not
respond, but, instead, leaned down almost out of sight.  Appellee sat back up, but did not get out of
the car, and, instead, put the car in gear, appearing as if he was going to
drive away.  When appellee put the car in
gear, Pearson thought he was going to flee and told him Adon=t do it.@  Appellant apparently said he was just going
to move the car out of the street. 
Appellee drove around the corner and stopped.  As appellee drove away, Pearson saw a large
clear plastic bag containing beige rocks he believed to be crack cocaine blow
out from underneath appellee=s vehicle as it
moved.  








Pearson got back in his car to follow
appellee.  Pearson pulled up behind
appellee=s stopped
vehicle.  Appellee opened the door as
Pearson walked up to the vehicle. 
Pearson saw several marijuana cigars in the ashtray in plain view and
detained appellee in the back of the patrol car.  Officer Manny Vela then arrived.  Pearson told Vela he thought appellee had
dropped some dope out the car and both officers walked back to the location
where appellee had first stopped and retrieved the bag Pearson had seen.  The plastic bag contained 6.1 grams of
cocaine.  They also found a fist-sized
hole in the floor board of appellee=s vehicle, and
three marijuana cigars were recovered from the ashtray.  

Appellee argues the State failed to prove
the elements of unlawful possession of a controlled substance.  To establish unlawful possession of a
controlled substance, the State must prove the accused (1) exercised control,
custody, control, and management over the contraband, and (2) knew that what he
possessed was contraband.  Joseph v.
State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).  When the accused is not is not in exclusive
possession of the place where the contraband is found, there must be additional
independent facts affirmatively linking the accused to the contraband in such a
manner that it can be concluded that he had knowledge of, as well as control
over, the contraband.  Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
The affirmative link can be established by showing additional facts and
circumstances indicating the accused=s knowledge and
control of the contraband.  Deshong v.
State, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981).  

When determining whether the State
established the necessary affirmative link, we may consider whether: (1) the
contraband was in plain view; (2) the contraband was accessible to the accused;
(3) the accused was the owner of the place where the contraband was found; (4) the
accused was the driver of the automobile in which the contraband was found; (5)
the contraband was found on the same side of the vehicle seat as the accused
was sitting; (6) the contraband was found in an enclosed place; (7) the odor of
drugs was present; (8) paraphernalia to use the contraband was in view of or
found on the accused; (9) conduct by the accused indicated a consciousness of
guilt; (10) the accused had a special connection to the contraband; (11)
occupants of the vehicle gave conflicting statements about relevant matters;
(12) the accused appeared to be under the influence of drugs; and (13)
affirmative statements connected to the accused to the contraband.  Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  








There is no established formula that would
dictate a finding of an affirmative link sufficient to support an inference of
knowing possession of contraband.  Porter
v. State, 873 S.W.2d 729, 732 (Tex. App.CDallas 1994, pet.
ref=d).  Nor is the number of factors present as
important as the logical force the factors have in establishing the elements of
the offense.  Gilbert, 874 S.W.2d
at 298.  

Appellee argues that although Pearson
testified that his and appellee=s vehicles were
sitting alongside each other, it is remarkable that Pearson was able to observe
appellee=s suspicious
gesture toward the floor of his own car, as seen through the driver=s side window, and
the almost simultaneous movement of the clear plastic bag from just under the
driver=s side of appellee=s car.  Appellee, pointing out Pearson=s testimony from a
previous hearing that he pulled directly in front of appellee=s car, argues this
positioning of the vehicles would have rendered Pearson=s Amidnight visual
observations even more remarkable.@  

Pearson testified that when he observed
appellee lean forward out of sight, he was not sure what appellee was doing,
but when someone makes that movement, that person is either concealing
something or reaching for something. 
Moreover, while Pearson never actually saw appellee=s hand drop the
bag, he made it clear that his view to the driver=s side and the
ground were unobstructed.  With respect
to any conflicting testimony regarding the positioning of the vehicles, the
trial court may not sit as the thirteenth juror and may not substitute its
beliefs for those of the jury.  Hart,
905 S.W.2d at 693.  








Appellee suggests as an alternative
hypothesis that because Pearson was well-known in the neighborhood, someone
carrying a bag of crack cocaine who had seen Pearson driving in the area would
very likely have dropped the bag on the spot,[4]
which would create reasonable doubt in the affirmative link between appellee
and the contraband that was found 30 to 40 feet away from where appellee was
arrested.  Appellee further argues that
while the presence of a fist-size hole in the floorboard, coupled with Pearson=s observation of
appellee=s movement toward
that area of the car, may suggest the necessary affirmative link, there was no
evidence regarding how the hole appeared, who owned the car, or appellee=s connection with
the car.  

Appellee was the only person in the
car.  Pearson testified the area where
they found the bag was well-lighted.  An
apartment complex is on that corner, and it is surrounded by a fence, so people
can only walk on the side walk but cannot get through the gate which has been
welded shut.  During the two times that
he stopped appellee, Pearson did not see anyone walking in the vicinity.  Both Pearson and Vela testified that they
have never just happened upon or found cocaine on the ground without the person
nearby dropping it.  

After reviewing all the evidence, we
conclude a rational trier of fact could have found beyond a reasonable doubt
the essential elements of the offense. 
Therefore, it would be an abuse of discretion for the trial court to
grant a motion for new trial on the ground of legally insufficient evidence.

                                                   Article 38.17

Appellee=s motion for new
trial references Article 38.17 of the Texas Code of Criminal Procedure, which
provides:  

In all cases where, by law, two witnesses, or one with
corroborating circumstances, are required to authorize a conviction, if the
requirement be not fulfilled, the court shall instruct the jury to render a
verdict of acquittal, and they are bound by the instruction.

Tex. Code Crim.
Proc. art. 38.17.  








Possession of a controlled substance is
not a case where, by law, two witnesses, or one with corroborating
circumstances, are required for a conviction. 
See Martin v. State, 13 S.W.3d 133, 140 (Tex. App.CDallas 2000, no
pet.) (stating two witnesses are required in cases of treason, perjury, and
aggravated perjury; corroborating circumstances are required when a conviction
is based on the testimony of an accomplice, in certain circumstances when a
defendant=s oral statement resulting from custodial
interrogation is admitted, and in certain circumstances in sexual assault and
aggravated sexual assault cases); Whisenant v. State, No. 10-01-305-CR,
2003 WL 1090504, at *5 (Tex. App.CWaco Mar. 12,
2003, pet. ref=d) (not designated for publication)
(stating article 38.17 applies to accomplice testimony, testimony of a person
acting covertly for a law enforcement agency who is not a licensed peace
officer, treason cases, and perjury cases). 
Therefore, it would have been an abuse of discretion for the trial court
to grant appellee=s motion for new trial on this basis.  

                                                   Conclusion

The trial court
had no authority to grant appellee=s motion for new
trial based on a ground not raised in the motion.  Moreover, applying a deferential standard of
review, we conclude the granting of a new trial based on the grounds raised in
the motion for new trial would have been an abuse of discretion.  Accordingly, the order granting appellees= motion for new
trial is vacated, and we remand the cause the trial court for entry of a
judgment of conviction reflecting the jury= verdict.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 15, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.

Publish
C Tex. R. App. P. 47.2(b).











[1]   AThe right to counsel is fundamental and essential to a
fair trial. . . . It is well settled that the Sixth Amendment right to counsel
is not forfeitable, but may only be waived by the conscious and intelligent
decision of the person who holds the right.@  Ex parte Gonzalez, 945 S.W.2d 830, 835
(Tex. Crim. App. 1997) (citations omitted). 
When the United States Supreme Court refers to a Sixth Amendment Aright to counsel,@ it
means the right of Areasonably effective assistance@ of counsel.  Robinson
v. State, 16 S.W.3d 808, 812 (Tex. Crim. App. 2000) (citing Strickland
v. Washington, 466 U.S. 668, 687 (1984)). 
Thus, a defendant does not waive a claim of ineffective assistance of
counsel merely by failing to present it in the trial court.  See id. at 812B13 (observing that Athe
standards for waiver should not be any less stringent in the context of an
ineffective assistance claim than when we are speaking of a >right to counsel= claim@). 





[2]  See Tex. R. App. P. 21.3 (listing grounds on
which the defendant must be granted a new trial).





[3]  Other courts of appeals have
considered claims for ineffective assistance of counsel that were raised in the
motion for new trial when finding the trial court could find a new trial was
warranted in the Ainterest of justice.@ 
See, e.g., State v. Gill, 967 S.W.2d 540, 543 (Tex. App.CAustin 1998, pet. ref=d) (addressing ineffectiveness of
counsel claim, which was raised in defendant=s motion for new trial, and holding the trial court could
have reasonably determined that the integrity and reliability of the fact
finding process had been under undermined and, therefore, justice required a
new trial); State v. Kelley, 20 S.W.3d 147, 155 (Tex. App.CTexarkana 2000, no pet.)(addressing
claims for ineffective assistance of counsel and improper paneling of the jury,
and holding it was reasonable for the trial court to find the integrity and
reliability of the verdict had been undermined by errors and, therefore,
justice required a new trial).  





[4]  Pearson
testified he had been patrolling that area for four years and admitted everyone
in the neighborhood knew him.  When
appellee=s attorney asked Pearson, Aif somebody out there that you had not seen but you
were driving in the area and they saw you and they known [sic] you=re the police they could have dropped that cocaine
there, couldn=t they?@ Pearson
responded, AYes.  That=s very likely, yes, sir.@