Opinion issued February 25, 2010


















     

In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00407-CR




BARRY HUNTER DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 1540901




MEMORANDUM OPINION

          Appellant, Barry Hunter Davis, pursuant to a plea agreement with the State,
pleaded guilty to the misdemeanor offense of driving while intoxicated (“DWI”).


 
The trial court sentenced appellant to 180 days’ confinement, suspended the sentence,
placed him on community supervision for one year, and assessed a $200 fine. 
          On appeal, appellant presents three points of error. In his first and second
points, appellant contends that his counsel was ineffective, (1) which rendered his
plea involuntary, and (2) in that he “failed to appreciate that the State had the initial
burden of proof in a warrantless arrest.” In his third point, appellant contends that he
was denied his constitutional right to confrontation by cross-examination.
          We affirm.
Background
           At approximately 2:00 a.m. on the night of July 30, 2008, Officer Justin
Galindo of the Houston Police Department (“HPD”) was dispatched to check on a
person in a vehicle that had been stopped in a crossover between the north- and
southbound lanes of Montrose Boulevard in Houston for over two hours. Officer
Galindo testified at the hearing on the motion to suppress that, when he arrived, the
car was partially in a moving lane of traffic and that the driver, later identified as
appellant, “appeared slumped in the seat.” The person who had reported the vehicle
to 9-1-1 was knocking on the driver’s-side window, trying to get the driver’s
attention. 
          Officer Galindo approached and began knocking on the window as well.
According to Officer Galindo, appellant began looking around and was disoriented. 
The car started rolling forward into the moving lane of traffic, and Officer Galindo
yelled, “Stop! Stop!” Appellant stopped the car and rolled down his window. Officer
Galindo asked if he was okay. Appellant could not answer his questions, did not
know where he was or where he was going, and there was a strong odor of alcohol
emanating from the car. Officer Galindo called for a DWI unit.
          When Officer David Ciers, an HPD DWI Task Force Officer, arrived at the
scene, he asked appellant to step out of the car. According to Officer Ciers, appellant
was “very disoriented,” walked “with unsteady balance,” “spoke incoherently,” and
had a strong odor of alcohol on his breath. Officer Ciers testified that he formed the
opinion that appellant was intoxicated. Appellant was charged by information with
DWI.
          Appellant, through his counsel, moved to suppress “any and all evidence seized
or obtained” on the basis that it “was not discovered pursuant to a reasonable
investigative detention.” After a hearing, the trial court denied the motion.
          Subsequently, appellant pleaded guilty to misdemeanor DWI, with an agreed
recommendation with the State regarding punishment. Appellant was sentenced in
accordance with the agreement. Appellant did not file a motion for new trial. 
Ineffective Assistance of CounselIn his first point of error, appellant contends that his counsel was ineffective,
which rendered his plea involuntary. In his second point of error, appellant contends
that his counsel was ineffective for having “failed to appreciate that the State had the
initial burden of proof in a warrantless arrest.”
A.      Standard of Review and Guiding Legal Principles
          To prove ineffective assistance of counsel, appellant must show that (1)
counsel’s performance fell below an objective standard of reasonableness and (2)
that, but for the deficient performance of counsel, there is a reasonable probability
that the result of the proceeding would have been different. Strickland v. Washington,
466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). A “reasonable probability” is a probability
sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104
S. Ct. 2068.
          To prevail, appellant must prove ineffective assistance by a preponderance of
the evidence and must overcome the strong presumption that counsel’s conduct falls
within the wide range of reasonably professional assistance or might reasonably be
considered sound trial strategy. See Robertson v. State, 187 S.W.3d 475, 482–83
(Tex. Crim. App. 2006). A failure to make a showing under either prong defeats a
claim of ineffective assistance of counsel. Rylander v. State, 101 S.W.3d 107, 110–11
(Tex. Crim. App. 2003).
          Any allegation of ineffectiveness must be firmly founded in the record.
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Generally, the record
on appeal is undeveloped, and a silent record that provides no explanation for
counsel’s actions will not overcome the strong presumption of reasonable assistance.
Rylander, 101 S.W.3d at 110–11. In the rare cases in which the record on direct
appeal is sufficient to show that counsel’s performance was deficient, an appellate
court should address the claim. Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000). On a record that is silent regarding counsel’s strategy, this court
can find ineffective assistance of counsel only if the challenged conduct was “so
outrageous that no competent attorney would have engaged in it.” Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). 
          1.       Involuntary Plea
          In his first point of error, appellant contends that his counsel was ineffective,
which rendered his plea involuntary. Specifically, appellant contends that his trial
counsel, Paull, “failed to inform [appellant] of a viable defense” and that, “but for
defense counsel’s erroneous advice, [appellant] would not have pleaded guilty and
would have insisted on going to trial.” 
          An involuntary guilty plea must be set aside. Fimberg v. State, 922 S.W.2d
205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (citing Boykin v. Alabama,
395 U.S. 238, 244, 89 S.Ct. 1709, 1713 (1969), and Williams v. State, 522 S.W.2d
483, 485 (Tex. Crim. App. 1975)). To determine if a plea is voluntary, we consider
the record as a whole. Id. A record that demonstrates the appellant’s receipt of
statutory admonishments constitutes a prima facie showing of the voluntariness of his
plea. See Ex parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); Cantu
v. State, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). The
burden then shifts to appellant to demonstrate the involuntariness of his plea. See
Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985). A guilty plea is
involuntary if it was made as a result of ineffective assistance of counsel because it
does not represent an informed choice. Labib v. State, 239 S.W.3d 322, 332 (Tex
App.—Houston [1st Dist.] 2007, no pet.).
          Here, the record shows that appellant signed under oath a waiver of
constitutional rights, agreement to stipulate, and judicial confession. In the plea
admonishments he signed, appellant attested that he fully understood his rights, the
consequences of his plea, and that the punishment range for the offense to which he
was pleading guilty was confinement for up to 180 days and a fine of up to $2,000. 
In addition, the record from the plea hearing shows that the trial court asked appellant
if he had gone over the plea papers with his attorney and if he understood that he was
giving up his right to a jury trial. Appellant answered in the affirmative. We conclude
that the record demonstrates a prima facie showing that appellant’s guilty plea was
made voluntarily. See Williams, 704 S.W.2d at 775; Cantu, 988 S.W.2d at 484. The
burden shifts to appellant to demonstrate the involuntariness of his plea. See Fuentes,
688 S.W.2d at 544.
          Appellant contends that his plea was involuntary on the basis of ineffective
assistance of counsel. When an appellant challenges the voluntariness of a plea
entered upon the advice of counsel, contending that his counsel was ineffective, the
voluntariness of the plea depends on (1) whether counsel’s advice was within the
range of competence demanded of attorneys in criminal cases and, if not, (2) whether
there is a reasonable probability that, but for counsel’s errors, the appellant would not
have pled guilty and would have insisted on going to trial. Ex parte Moody, 991
S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (applying Strickland, 466 U.S. at 694,
104 S. Ct. at 2068) (A “reasonable probability” is a probability sufficient to
undermine confidence in the outcome.)); Arreola v. State, 207 S.W.3d 387, 391 (Tex.
App.—Houston [1st Dist.] 2006, no pet.); see Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999) (stating that Strickland should be considered “controlling
authority for all ineffective assistance of counsel claims”). 
          We first consider whether counsel erroneously advised appellant. See Fimberg,
922 S.W.2d at 208. 
          Here, appellant complains that “counsel’s failure to inform [him] of a viable
defense to the charge against him was outside the range of competence demanded of
attorneys in criminal cases.” Appellant was charged with DWI. A person commits
the offense of DWI “if the person is intoxicated while operating a motor vehicle in
a public place.” Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). At the hearing
on the motion to suppress, appellant stipulated that he was intoxicated at the time and
place in question. In his brief on appeal, appellant concedes that “Officer Galindo’s
testimony may be sufficient to show that [appellant] was intoxicated in a public
place.” Appellant contends, however, that the State could not have shown that he was
“operating” a motor vehicle. Appellant complains that, at the hearing on the motion
to suppress, Officer Galindo testifie[d] specifically that [appellant] was not operating
the vehicle” and that he did not testify that anyone else had seen appellant operate the
vehicle, as follows:
          [Defense Counsel]:          Did you see the vehicle drive away?
          [Officer Galindo]:            No, sir. It was only once I got out of—I got out of
the vehicle and I was walking towards it that the
reportee [sic], the person who called, was trying to
knock on the window to get the guy’s attention; and
he started—it wasn’t driving as much as sort of just
the car was rolling.
Appellant contends that he would not have pleaded guilty if he had “known that the
State had to prove that he actually operated the vehicle” and that counsel failed to so
inform him. 
          The record before us is silent concerning counsel’s discussion with appellant
and any recommendations regarding his plea because appellant did not file a motion
for new trial. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st
Dist.] 1996, no pet.). Appellant contends that this is one of those rare cases in which
a silent record nevertheless demonstrates a deficiency. See Robinson, 16 S.W.3d at
813 n.7. We disagree.
          It is well established that the Penal Code does not define the term “operate.” 
Denton v. State, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995); Dornbusch v. State,
262 S.W.3d 432, 459 (Tex. App.—Fort Worth 2008, no pet.); Strong v. State, 87
S.W.3d 206, 215 (Tex. App.—Dallas 2002, pet. ref’d). To establish operation of a
motor vehicle under Penal Code section 49.04, the State need only show that the
“totality of the circumstances . . . demonstrate that the defendant took action to affect
the functioning of his vehicle that would enable the vehicle’s use.” Denton, 911
S.W.2d at 390; see Hearne v. State, 80 S.W.3d 677, 680 (Tex. App.—Houston [1st
Dist.] 2002, no pet.); Milam v. State, 976 S.W.2d 788, 789 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d). This is a broad standard that does not require evidence that
appellant actually endeavored to “cause the automobile to either move or not move.” 
Denton, 911 S.W.2d at 389. 
          Here, the record shows that appellant’s car was found stopped in the middle of
a roadway with its engine idling, not in parking gear, and with its bumper protruding
into a moving lane of traffic. Appellant was in the driver’s seat, slumped over the
steering wheel, and unresponsive for some time to two people knocking on the
driver’s-side window. Nobody else was in the car.
          Caselaw from this court and others demonstrates that these facts have been held
sufficient to constitute “operation” of a motor vehicle under Penal Code section
49.04. See Hearne, 80 S.W.3d at 680 (holding operation occurred where vehicle was
stopped in moving lane of traffic with engine running and vehicle’s owner was alone
and asleep in driver’s seat); Milam, 976 S.W.2d at 789 (holding that operation
occurred despite driver being found asleep because engine was running, vehicle was
in gear, driver’s foot was on brake, and driver put car in reverse upon being
awakened); see also Dornbusch v. State, 262 S.W.3d 432, 433, 437–38 (Tex.
App.—Fort Worth 2008, no pet.) (holding that operation occurred where driver was
found asleep, “hunched over the steering wheel” in parking lot with headlights on,
vehicle was not in park and only thing keeping it from moving was curb); Freeman
v. State, 69 S.W.3d 374, 375–76 (Tex. App.—Dallas 2002, no pet.) (holding
operation occurred in vehicle stopped by roadway with front tire against curb, engine
running, gearshift in “drive,” and lights on); State v. Savage, 905 S.W.2d 272, 273
(Tex. App.—San Antonio 1995) (holding operation occurred in vehicle stopped on
roadway with engine running, lights on, and vehicle’s operator sitting behind steering
wheel), aff’d, 933 S.W.2d 497 (Tex. Crim. App. 1996); see e.g., Stagg v. Texas Dep't
of Pub. Safety, 81 S.W.3d 441, 445 (Tex. App.—Austin 2002, no pet.) (concluding
that probable cause existed that driver of vehicle blocking lane of traffic with engine
running and lights on had operated vehicle, noting that “[t]he fact that the car was in
the center of the street, not stopped at the curb, is significant”).
          We cannot conclude that counsel erroneously advised appellant, on the basis
appellant advances, or that no reasonable attorney would have recommended that
appellant enter a plea of guilt given the facts at hand, because the caselaw
demonstrates that a factfinder could have reasonably inferred that appellant had
operated a motor vehicle under section 49.04. See Goodspeed, 187 S.W.3d at 392
(“On a record that is silent regarding counsel’s strategy, this court can find ineffective
assistance of counsel only if the challenged conduct was “so outrageous that no
competent attorney would have engaged in it.”). Appellant has not overcome the
strong presumption that counsel’s advice fell within the wide range of reasonably
professional assistance or might reasonably be considered sound strategy. See
Moody, 991 S.W.2d at 857. We conclude that appellant has failed to rebut the
presumption that his guilty plea was voluntary. See Cantu, 988 S.W.2d at 484. 
          Accordingly, we overrule appellant’s first point of error.
          2.       Burden
          In his second point of error, appellant contends that his counsel was ineffective
for having “failed to appreciate that the State had the initial burden of proof in a
warrantless arrest” at the hearing on the motion to suppress. Specifically, appellant
directs us to the emphasized portion of the following discussion that took place at
closing:
          THE COURT:       Argument from either side?
          MR. PAULL:        It’s our burden, according to—it’s our burden so, I think
we would go first but you make the call.
          THE COURT:       I think it’s her burden since it’s a warrantless arrest.
          MR. PAULL:        Okay.
          THE COURT:       Whatever. I don’t care who goes. Let’s just get the
argument done. I think it’s her burden. Let’s go.
          [STATE]:              Judge, I’ll argue first. That’s fine with me.
          When a defendant seeks to suppress evidence on the basis of an illegal arrest,
the initial burden of proof is placed on the defendant to rebut the presumption of
proper conduct. Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009). The
defendant may satisfy this burden by establishing that he was arrested without a
warrant. Id. Once this is shown, the burden shifts to the State to either produce
evidence of a warrant or prove the reasonableness of the arrest. Id.

          To find counsel ineffective, we will not speculate on the record before us,
which is silent concerning whether counsel was simply referring to appellant’s initial
burden at the hearing or if counsel genuinely misunderstood the State’s burden. See
Gamble, 916 S.W.2d at 93. Appellant has not met his burden to show ineffective
assistance by a preponderance of the evidence. See Robertson, 187 S.W.3d at 482–83.

          Accordingly, we overrule appellant’s second point of error.

Confrontation

          In his third point of error, appellant contends that he “was denied his
Constitutional right to cross-examine his accuser.” Specifically, appellant contends
that he “was never afforded the opportunity to confront Officer Galindo,” and that
“[h]ad he been given the opportunity to cross-examine Officer Galindo, [appellant]
very likely would have been able to challenge his credibility.” 

          The record shows that Officer Galindo testified at the hearing on the motion
to suppress and that defense counsel cross-examined him at length. Appellant seems
to contend that the trial court’s refusal to allow him to ask a series of leading
questions of Officer Galindo during cross-examination amounted to a violation of his
constitutional right to confront witnesses. As the State contends, however, appellant
does not direct us to anyplace in the record in which he objected in the trial court on
the basis that an unwillingness to allow counsel to lead amounted to a deprivation of
his constitutional right to confront witnesses.

          The Confrontation Clause of the Sixth Amendment to the United States
Constitution states “[i]n all criminal prosecutions, the accused shall enjoy the right
. . . to be confronted with the witnesses against him.” U.S. Const. amend. VI. The
right to confront one’s accuser necessarily includes the right to cross-examine. 
Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). This right is violated
when appropriate cross-examination is limited. Id. However, even constitutional
error may be waived by failure to raise the issue at trial. See Dewberry v. State, 4
S.W.3d 735, 752 n.16 (Tex. Crim. App. 1999). If, on appeal, a defendant claims his
right to confrontation has been violated, this error must have been preserved by a
proper objection and a ruling on that objection. Tex. R. App. P. 33.1; Holland v.
State, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); Grant v. State, 218 S.W.3d 225,
229 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d); Campos v. State, 186 S.W.3d
93, 98 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (“The right of confrontation
is vital to an ordered criminal justice system, but it is nonetheless a trial right, and a
defendant waives his right to confront witnesses if he does not object at trial.”).

          Here, although he did not raise any confrontation clause issues in the trial
court, appellant complains that the trial court violated his state and federal rights to
confront the witnesses against him. Because appellant failed to object on this basis
at trial, the argument is waived on appeal. See Tex. R. App. P. 33.1; Holland, 802
S.W.2d at 700; Campos, 186 S.W.3d at 98.

          Accordingly, we overrule appellant’s third point of error. 

Conclusion

          We affirm the judgment of the trial court.





 

                                                             Laura Carter Higley

                                                             Justice



Panel consists of Chief Justice Radack and Justices Alcala and Higley.



Do not publish. See Tex. R. App. P. 47.2(b).