*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-11-00579-CR

The **STATE** of Texas,
Appellant

v.

Baldemar **CHAVERA**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 10-04-13034-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 17, 2012

REVERSED AND REMANDED

Baldemar Chavera was convicted by a jury of tampering with a governmental record. Chavera filed a motion for new trial, challenging the legal sufficiency of the evidence to support his conviction. The State appeals the trial court's order granting Chavera's motion.

## BACKGROUND

Nora Cruz, a caseworker employed by the Texas Department of Health and Human Services was assigned the food stamp application submitted by Chavera. Cruz had been

employed by the Department for thirty-four years and had twenty-four years' experience as a caseworker. Cruz testified that when she interviews an applicant, she has the applicant's application present. During the interview, Cruz completes a generic worksheet on her computer.

The generic worksheet Cruz completed while interviewing Chavera was admitted into evidence. The generic worksheet states that the date on Chavera's application was June 2, 2009. During the interview, Cruz explained to Chavera the various forms of income that needed to be reported. Cruz testified that during the interview and on the application, Chavera claimed Social Security benefits received by himself and his daughter as his sole household income. Cruz testified that during the interview, Chavera did not inform Cruz that his wife, Michelle Soliz, was receiving unemployment benefits.

Although Chavera's case folder did not contain his application at the time of trial, Cruz explained that the Department's records are routinely sent to Austin for storage and are shredded after a certain number of years. Cruz unequivocally stated that she had Chavera's application present at the time she interviewed him. On cross-examination, Cruz was asked whether she "actually saw a physical paper application," and she responded, "Yes, ma'am."

Mike Casey, a fraud investigator with the Department, was assigned to investigate Chavera's application after another Department employee discovered a record showing that Soliz received unemployment benefits from April of 2009 to December of 2009. Casey testified that Chavera's case folder did not contain his application. Casey testified that the Department's documents are routinely sent to a storage facility in Austin. Although Casey asked his supervisor about retrieving Chavera's application from the storage facility, his supervisor instructed him not to retrieve the application because the Department would have to pay the storage facility a retrieval fee.

Chavera admitted that he submitted an application for food stamp benefits; however, he testified that Soliz completed the application because of his limited ability to read and write. Chavera testified that the completed application was read to him before he signed it. Chavera testified that he thought he reported Soliz's unemployment benefits on the application, and he was certain that he informed Cruz about those benefits during the interview.

After the jury returned a verdict of guilty, and the trial court signed a judgment based on the jury's verdict, Chavera filed a motion for new trial, challenging the legal sufficiency of the evidence to support his conviction. At the hearing on the motion for new trial, the trial judge expressed great displeasure at the Department's failure to make any effort to retrieve the application from the Austin storage facility, stating:

> . . . I think the Department of Health and Human Services didn't want to make the effort to locate the document that could have showed us, I think, almost conclusively whether or not this gentlemen, in fact, made a false statement on that application. They just didn't want to put the effort forth. . . . You know, Counsel, it's kind of funny because the indictment says made a false entry in a governmental record the State couldn't even produce at the trial of the case, the record that this gentlemen is accused of making a false statement on. . . . The Health and Human Services and the Department of the Inspector General's Office feel that they want to pursue criminal cases against people and try to deprive them of their life and liberty, they can certainly make the effort to locate the original application, which they never could produce, and then admitted on the stand they didn't even make an effort to produce because they didn't want to spend the money. Apparently, those records are kept with a private entity, and they didn't want to spend the money to hire that private entity to go in and do an actual search of the records. . . . I just thought it was a real sad day for criminal justice when the Department of Health and Human Services didn't make the effort to locate a record which could have established this conclusively, or — or — one way or the other in this matter because they didn't want to spend the money.

The trial court subsequently signed an order stating, "The State has provided insufficient evidence to convict the Defendant, Baldemar Chavera, of Tampering with Governmental Records."

## STANDARD OF REVIEW

"A motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question, and the trial court must apply the same legal test as that employed by the appellate court." *State v. Savage*, 905 S.W.2d 272, 274 (Tex. App.—San Antonio 1995), *aff'd*, 933 S.W.2d 497 (Tex. Crim. App. 1996); *see also State v. Moreno*, 297 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). "The trial court must decide, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Savage*, 905 S.W.2d at 274; *see also Moreno*, 297 S.W.3d at 520. "If the evidence meets the standard, it is an abuse of discretion for the trial court to grant the motion for new trial." *Savage*, 905 S.W.2d at 274; *see also Moreno*, 297 S.W.3d at 520.

"Viewing the evidence 'in the light most favorable to the verdict' under a legal-sufficiency standard means the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (emphasis in original). "When reviewing the evidence, the trial court may not sit as the thirteenth juror and may not substitute its beliefs for those of the jury." *Moreno*, 297 S.W.3d at 520.

## DISCUSSION

A person commits the offense of tampering with a governmental record if the person knowingly makes a false entry in a governmental record. TEX. PENAL CODE ANN. § 37.10(a)(1) (West 2011). The jury was instructed to find Chavera guilty if it found from the evidence beyond a reasonable doubt that Chavera knowingly made a false entry in a governmental record,

"to-wit: the Texas Department of Health and Human Services Application Form 1010-B, said false entry being that he did not report a household member's income from unemployment insurance benefits on the application."

As the trial judge noted, the food stamp application on which Chavera was charged with making a false entry was not produced at trial. We echo the trial judge's criticism of the Department for failing to make any effort to retrieve the application. Although the trial judge emphasized in his remarks that he was not placing blame on the State, we believe the State is equally to blame. "An obvious corollary to a district or county attorney's duty to prosecute criminal cases is the utilization of his own discretion in the preparation of those cases for trial." *Meshell v. State*, 739 S.W.2d 246, 254 (Tex. Crim. App. 1987); *see also* TEX. CODE CRIM. PROC. ANN. art. 32.02 (West 2006) (allowing attorney representing the State to dismiss a criminal action by filing a written statement setting out the reasons for the dismissal); *Martinez v. State*, 48 S.W.3d 273, 278 (Tex. App.—San Antonio 2001, pet. ref'd) (Lopez, J., concurring) (noting some cases scream for prosecutorial discretion).

Article X of the Texas Rules of Evidence, commonly referred to as the best evidence rule, requires the original writing to be introduced into evidence to prove its contents absent the application of one of the exceptions listed in the rules. TEX. R. EVID. art. X. "The best evidence rule rests on the fact that a document is a more reliable, complete, and accurate source of information as to its contents and meaning than anyone's description." *Overton v. State*, 490 S.W.2d 556, 559 (Tex. Crim. App. 1973). One of the reasons the rule was developed at common-law is because parol testimony regarding the content of a writing is susceptible to human error. *Englund v. State*, 946 S.W.2d 64, 67-68 (Tex. Crim. App. 1997). Although Rule 1004 contains an exception for instances in which the original writing is lost or destroyed, no

exception exists for the failure to produce the original writing because the Department did not want to pay a retrieval fee. When the Department and the State take actions that place a person's very liberty at stake, the Department and the State should ensure that the evidence on which they will rely is admissible under the Texas Rules of Evidence. Although no objection was made based on the best evidence rule in the instant case, the failure to make the effort to retrieve the application upon which this prosecution was based is not to be condoned. If the Department refuses to produce the application to support a prosecution solely based on its unwillingness to pay a retrieval fee, then the State should refuse to prosecute the case. *See Meshell*, 739 S.W.2d at 254; TEX. CODE CRIM. PROC. ANN. art. 32.02 (West 2006). We agree with the trial judge that "it [is] a real sad day for criminal justice" when this type of sloppy prosecution is pursued.

Constrained by our standard of review and the absence of a best evidence objection, we hold that the jury could have found that Chavera submitted an application that omitted any reference to Soliz's unemployment benefits based on Cruz's testimony regarding the application's contents. This court could probably take judicial notice of the thousands of applications that Cruz is assigned each year which raises concerns about her ability to specifically recall the contents of Chavera's application; however, the jury is the sole judge of Cruz's credibility with regard to the contents of the application and the weight to be given to her testimony. *Brooks*, 323 S.W.3d at 899. Because Cruz's testimony is legally sufficient evidence to support the jury's verdict, the trial court erred in granting Chavera's motion for new trial.

### CONCLUSION

Because the evidence is legally sufficient to support the jury's verdict, the trial court's order granting a new trial is reversed, and the cause is remanded to the trial court with instructions to reinstate a judgment of conviction in accordance with the jury's verdict. *See State*

*v. Hart*, 342 S.W.3d 659, 677 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (reversing order granting new trial and remanding with instructions to reinstate judgment).

Catherine Stone, Chief Justice

PUBLISH