**Abel ALONZO, et al., Appellants,**

**v.**

**MR. GATTI'S PIZZA, INC., Appellee.**

**No. 13–95–00223–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 10, 1996.

---

OPINION

CHAVEZ, Justice.

Abel Alonzo brought suit seeking declaratory and injunctive relief and attorneys' fees against Mr. Gatti's Pizza, Inc., for alleged violations of the Americans With Disabilities Act (ADA). Mr. Gatti's motion for summary judgment on the basis that, as a corporate franchisor, it was not subject to the provisions of the act, was granted. Alonzo now seeks to have us vacate the judgment. We affirm.

Mr. Gatti's, in addition to owning and operating restaurants in Texas, also franchises, for a fee, its trade name, service marks, business system methods, recipes and products, and other related programs through licensing agreements to individuals or business entities. These individuals or business entities then operate restaurants under the Mr. Gatti's trade name. These restaurants, however, are independently owned by the individuals or business entities and are referred to as the "franchised stores." One such franchised store is located at 5301 N. Everhart and Corona Streets in Corpus Christi, Texas. Alonzo, who has a disability that requires the use of a wheelchair for mobility, brought suit against Mr. Gatti's, alleging that this franchised store located at 5301 N. Everhart was not accessible to persons with disabilities and, therefore, was in violation of the ADA, specifically, 42 U.S.C. § 12182(a). Alonzo also sought to classify as a class persons with disabilities. The record, however, does not contain an order on the certification motion. Accordingly, we presume that there was no hearing on the motion. A motion for summary judgment was granted to Mr. Gatti's on the basis that as a corporate franchisor it did not own, lease, lease to, or operate a place of public accommodation at the location about which Alonzo complained. This appeal follows.

Summary judgment procedure permits the trial court to dispose promptly of cases that involve unmeritorious claims or untenable defenses. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n. 5 (Tex. 1979). A movant is entitled to summary judgment if he is able to produce evidence that shows there is no genuine issue as to a

Rebecca G. Flanigan, Coastal Bend Legal Services, Corpus Christi, for appellants.

Lee Vickers, Overstreet, Winn & Edwards, Austin, for appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

material fact and that he is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). The burden of proof, therefore, is on the movant. *Id.* In examining the evidence, we must do so in the light most favorable to the non-movant and indulge every reasonable inference and resolve all doubts in his favor. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

■ On September 1, 1993, Mr. James O. Baker, d/b/a Baker Investment Company entered into a franchise agreement with Mr. Gatti's, Inc. Pursuant to the terms of the agreement, Baker Investment was to open and operate a Mr. Gatti's store at 5301 N. Everhart Road in Corpus Christi, Texas. Alonzo brought suit only against Mr. Gatti's, Inc., contending that Mr. Gatti's retains the right to direct and control many aspects of the day to day operations as well as the right to approve all plans and specifications for remodeling of existing buildings under the franchise agreement. This right of control, Alonzo contends, imposes an obligation upon Mr. Gatti's to make the necessary structural alterations in order to bring the restrooms into compliance with the ADA. Alonzo bases his contentions on those provisions of the lease which require Mr. Gatti's to provide specifications and layouts for structures, equipment, furnishings, decor and signs; assistance with the opening and initial operation of the restaurant; and an Operations Manual and other written materials deemed useful or necessary for operating the restaurant.

In addition to a copy of the franchise agreement, Mr. Gatti's introduced as summary judgment evidence the affidavit of Joel C. Longtin, Senior Vice–President–Franchising for Mr. Gatti's, Inc. Mr. Longtin stated in the affidavit that under the agreement, the franchisee had the right to use Mr. Gatti's trade name, various trademarks, recipes and products, and systems for the operation of the restaurant. Longtin also stated that, under the terms of the agreement, Mr. Gatti's

does not own, never has owned the Mr. Gatti's restaurant at the location (on Everhart) ... has no key to any door to any improvements on the premises ... has no employees on the premises involved in the operations ... does not manage the restaurant ... does not provide any management services ... sells no pizza or other products or beverages from the premises ... has no relationship, contractual or otherwise, with any customer of the restaurant ... that the Franchisee is not an employee, agent, partner, or joint venturer with Mr. Gatti's, Inc. with respect to the location in question ... does not own and never has owned the land or improvements in question ... does not lease and has never leased, either as landlord, tenant, or sub-tenant, the land or the improvements in question.

The issue before us was recently before the Fifth Circuit. *Neff v. American Dairy Queen Corp.,* 58 F.3d 1063 (5th Cir.1995). In *Neff,* the plaintiff also required a wheelchair for mobility. Rather than bringing an action against the local Dairy Queen retail store, Neff opted to sue the franchisor, who like Mr. Gatti's, licenses local retail stores throughout the United States through franchise agreements. Neff sought an order from the court requiring the franchisor to make the local retail store accessible to her. Thus, the question before the 5th Circuit was: whether a franchisor with limited control over a franchisee's store "operates a place of public accommodation" within the meaning of the ADA. Neff's claim was based on the interpretation of the franchise agreement. That is, whether the control provided for in the franchise agreement made the franchisor an "operator" of the store for purposes of the ADA. The court held that the dispute was a legal question. *Neff,* 58 F.3d at 1065.

As Alonzo argues in the instant case, Neff also argued that the franchisor's right to require the franchisee to obtain the franchisor's written approval prior to making structural modifications to the store gave the franchisor operational control over the franchisee so as to obligate it to comply with the ADA. In rejecting Neff's argument, the court, while

it agreed the franchisor retained the right to set standards for building and equipment maintenance and to "veto" proposed structural changes, held that this supervisory authority, without more, was insufficient to support a holding that the franchisor "operated" the store. *Id.* at 1068. We agree. Mr. Gatti's franchise agreement requires the franchised store to be under the strict, on-premises supervision of the franchisee at all times. It also requires the franchisee to comply with all federal, state and local laws, rules and regulations. Alonzo presents no evidence that Mr. Gatti's withheld written approval from the franchisee to make the structural changes necessary to bring the Everhart restaurant into compliance with the ADA. Accordingly, we find that Mr. Gatti's did not operate the franchised store at Everhart and Corona Streets, nor did it exercise control over the store's operations so as to bring it within coverage of the ADA. We overrule appellant's first point of error.

In point of error two, Alonzo contends that the trial court erred in granting Mr. Gatti's motion for summary judgment because franchisors are responsible for violations of the ADA. The general rule provides as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a) (West 1995).

It is undisputed that the restaurant at Everhart and Corona Streets is a place of public accommodation. It is also undisputed that the restaurant business is owned by the local franchisee. Longtin's affidavit in which he states that Mr. Gatti's does not own, has never owned, does not lease and has never leased, either as landlord, tenant or sub-tenant, the land or improvements in question, is uncontroverted. We have already found that Mr. Gatti's does not "operate" the restaurant for purposes of the ADA. Alonzo, however, argues that insulating the franchisor from liability would defeat the ADA's

purpose of providing a "comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C.A. § 12101(b)(1) (West 1995). We disagree. The regulations promulgated to implement the ADA contain the following:

> Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 C.F.R. § 36.201(b) (1991).

The Office on the Americans with Disabilities Act, Civil Rights Division of the U.S. Department of Justice has also published a manual entitled: *The Americans with Disabilities Act, Title III Technical Assistance Manual.* The purpose of the manual is to present the ADA's title III requirements in a format that will be useful to the widest possible audience. The manual contains the following:

> *Do both a landlord who leases space in a building to a tenant and the tenant who operates a place of public accommodation have responsibilities under the ADA?* Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements applicable to that place of public accommodation. The title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other contract is only effective as between the parties, and both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation.

Accordingly, it is clear that only the landlord and tenant are responsible for complying with the requirements of the ADA. Mr. Gatti's, Inc. is neither a landlord nor a tenant of the franchised store located at Everhart and Corona Streets. It, therefore, has no responsibility under the ADA.

We overrule appellant's second point of error and AFFIRM the judgment of the trial court.