



## MEMORANDUM OPINION

No. 04-09-00462-CR

The **STATE** of Texas,
Appellant

v.

John Henry **KEPLEY**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 255118
Honorable Timothy Johnson, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: September 15, 2010

REVERSED AND REMANDED

John Henry Kepley was found guilty by a jury of criminal trespass of a habitation. He filed

a motion for new trial, which the trial court granted. The trial court set aside the jury verdict, and

entered a judgment of not guilty. We reverse the order granting a new trial.

## GENERAL BACKGROUND

The evidence at trial demonstrated that Kepley, Claude Maglure, and Billy Roth went to the Sharp family residence March 26, 2008, looking for an individual who was wanted on a felony warrant. None of the three men were peace officers, but Maglure had been hired by a bail bond company to apprehend the fugitive because he had not complied with his bond. Kepley testified the men went into the residence because when they rang the front door bell no one answered, but he saw and heard movement in the house. Roth and Kepley testified they entered the residence through the unlocked back door. Kepley testified that because they were looking for a felony fugitive, he went into the house with his .40 caliber Glock pistol in hand.

Chelsea Sharp testified she was alone at the residence when Kepley and Billy Roth entered the residence though an unlocked rear door. Chelsea and her mother Kimberly Sharp testified that Kepley did not have permission to enter the residence.

The jury found Kepley guilty of criminal trespass of a habitation. Kepley timely filed a motion for new trial. After a hearing, the trial court found the State failed to produce sufficient evidence Kepley had notice that entry into the residence was forbidden, the State failed to prove Kepley acted recklessly, and that one of the State's witnesses, Claude Maglure, had "little credibility." The court granted the motion, set aside the jury verdict, and entered a judgment of not guilty. The State appeals the order granting a new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (a)(3) (Vernon 2009).

## DISCUSSION

### STANDARD OF REVIEW

We begin by determining the proper standard of review. Kepley filed a motion for new trial asserting that the evidence was insufficient to support the jury's verdict because the evidence did not prove he had notice entry into the residence was forbidden. Kepley's motion for new trial does not directly state whether he claims the evidence is legally or factually insufficient to support the jury's verdict. However, the motion recites that Kepley requested a directed verdict during trial because the evidence was insufficient to prove notice of entry was forbidden, and the motion for new trial states "[t]his basic argument is once again made to the court." Additionally, at the hearing on the motion for new trial, Kepley agreed with the trial court that he was re-urging his motion for directed verdict. The standard of review applicable to a motion for directed verdict is the same used under a legal sufficiency review. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Therefore, we will limit our review to the legal sufficiency of the evidence. *See State v. Savage*, 905 S.W.2d 272, 274 (Tex. App.—San Antonio 1995), *aff'd,* 933 S.W.2d 297 (Tex. Crim. App. 1996)(motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question).

We review a challenge to the legal sufficiency of the evidence by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.

Crim. App. 2000). If the evidence meets the standard, it is an abuse of discretion for the trial court to grant the motion for new trial. *Savage*, 905 S.W.2d at 274.

### CRIMINAL TRESPASS

The elements of criminal trespass applicable to this case are that: (1) a person, (2) knowingly, intentionally, or recklessly, (3) enters or remains in a habitation, (4) without the effective consent of the owner, (5) having notice that entry was forbidden. *See* TEX. PENAL CODE ANN. § 30.05(a) (Vernon Supp. 2009); *West v. State*, 567 S.W.2d 515, 516 (Tex. Crim. App. 1978) (holding that although Penal Code § 30.05 does not contain a culpable mental state, Penal Code § 6.02 requires proof a person acted intentionally, knowingly, or recklessly as an element of the crime of trespass).

### *Notice of entry forbidden*

Kepley argues he did not receive written or verbal notice that entry into the Sharp's home was forbidden. However, a habitation inherently provides notice that entry is forbidden. *Salazar v. State*, 284 S.W.3d 874, 878 (Tex. Crim. App. 2009). The Texas Court of Criminal Appeals reasoned in *Salazar* that features such as a knocker, doorbell, door, and lock provide notice that entry into the structure requires permission. *Id*. at 877. Kepley testified the group originally went to the front door, rang the doorbell, and noticed the front door was locked. The evidence establishes Kepley went to the back yard and entered the Sharp's residence from the back door. There was sufficient evidence for a rational jury to conclude Kepley had notice entry into the Sharps' residence was forbidden.

### *Mens Rea*

Although Kepley did not raise a complaint that the evidence was insufficient to establish the requisite mental state, the trial court found mens rea was not established because there was not

sufficient proof of recklessness. However, Kepley testified he went to the front door of the residence and rang the door bell. He stepped back from the door and noticed the window blinds moved and heard footsteps. Kepley and Roth went through a gate into the backyard and to the back door. Roth opened the door and both men went in. There is sufficient evidence upon which a rational jury could have found Kepley intentionally, knowingly or recklessly entered the residence.

*Witness Credibility*

Lastly, although the trial court found the testimony of Maglure to have little credibility, this finding does not affect the resolution of this issue. The testimony from members of the Sharp family and Kepley's own testimony was sufficient to establish the essential elements of the offense and to support the jury's verdict.

## Conclusion

The trial court abused its discretion in granting the motion for new trial. We reverse the order granting a new trial and remand the cause to the trial court with instructions to render a judgment of conviction according to the jury's verdict and to proceed with sentencing.

Steven C. Hilbig, Justice

DO NOT PUBLISH