•           •           • 
 • • •




MEMORANDUM OPINION

No. 04-09-00462-CR

The STATE of Texas,
Appellant

v.

John Henry KEPLEY,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 255118
Honorable Timothy Johnson, Judge Presiding
 
Opinion by:    Steven C. Hilbig, Justice
 
Sitting:            Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: September 15, 2010

REVERSED AND REMANDED
            John Henry Kepley was found guilty by a jury of criminal trespass of a habitation. He filed
a motion for new trial, which the trial court granted. The trial court set aside the jury verdict, and
entered a judgment of not guilty. We reverse the order granting a new trial.
General Background
            The evidence at trial demonstrated that Kepley, Claude Maglure, and Billy Roth went to the
Sharp family residence March 26, 2008, looking for an individual who was wanted on a felony
warrant. None of the three men were peace officers, but Maglure had been hired by a bail bond
company to apprehend the fugitive because he had not complied with his bond. Kepley testified the
men went into the residence because when they rang the front door bell no one answered, but he saw
and heard movement in the house. Roth and Kepley testified they entered the residence through the
unlocked back door. Kepley testified that because they were looking for a felony fugitive, he went
into the house with his .40 caliber Glock pistol in hand. 
            Chelsea Sharp testified she was alone at the residence when Kepley and Billy Roth entered
the residence though an unlocked rear door. Chelsea and her mother Kimberly Sharp testified that
Kepley did not have permission to enter the residence. 
            The jury found Kepley guilty of criminal trespass of a habitation. Kepley timely filed a
motion for new trial. After a hearing, the trial court found the State failed to produce sufficient
evidence Kepley had notice that entry into the residence was forbidden, the State failed to prove
Kepley acted recklessly, and that one of the State’s witnesses, Claude Maglure, had “little
credibility.” The court granted the motion, set aside the jury verdict, and entered a judgment of not
guilty. The State appeals the order granting a new trial. See Tex. Code Crim. Proc. Ann. art.
44.01 (a)(3) (Vernon 2009).
Discussion
Standard of Review
            We begin by determining the proper standard of review. Kepley filed a motion for new trial
asserting that the evidence was insufficient to support the jury’s verdict because the evidence did not
prove he had notice entry into the residence was forbidden. Kepley’s motion for new trial does not
directly state whether he claims the evidence is legally or factually insufficient to support the jury’s
verdict. However, the motion recites that Kepley requested a directed verdict during trial because
the evidence was insufficient to prove notice of entry was forbidden, and the motion for new trial
states “[t]his basic argument is once again made to the court.” Additionally, at the hearing on the
motion for new trial, Kepley agreed with the trial court that he was re-urging his motion for directed
verdict. The standard of review applicable to a motion for directed verdict is the same used under
a legal sufficiency review. McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). 
Therefore, we will limit our review to the legal sufficiency of the evidence. See State v. Savage, 905
S.W.2d 272, 274 (Tex. App.—San Antonio 1995), aff’d, 933 S.W.2d 297 (Tex. Crim. App.
1996)(motion for new trial based on insufficiency of the evidence presents a legal rather than a
factual question).
             We review a challenge to the legal sufficiency of the evidence by looking at all of the
evidence in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Prible v. State,
175 S.W.3d 724, 729-30 (Tex. Crim. App.), cert. denied, 546 U.S. 962 (2005). We resolve any
inconsistencies in the testimony in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000). If the evidence meets the standard, it is an abuse of discretion for the trial court
to grant the motion for new trial. Savage, 905 S.W.2d at 274. 
                                                            Criminal Trespass
            The elements of criminal trespass applicable to this case are that: (1) a person, (2) knowingly,
intentionally, or recklessly, (3) enters or remains in a habitation, (4) without the effective consent
of the owner, (5) having notice that entry was forbidden. See Tex. Penal Code Ann. § 30.05(a)
(Vernon Supp. 2009); West v. State, 567 S.W.2d 515, 516 (Tex. Crim. App. 1978) (holding that
although Penal Code § 30.05 does not contain a culpable mental state, Penal Code § 6.02 requires
proof a person acted intentionally, knowingly, or recklessly as an element of the crime of trespass).
Notice of entry forbidden
            Kepley argues he did not receive written or verbal notice that entry into the Sharp’s home was
forbidden. However, a habitation inherently provides notice that entry is forbidden. Salazar v. State,
284 S.W.3d 874, 878 (Tex. Crim. App. 2009). The Texas Court of Criminal Appeals reasoned in
Salazar that features such as a knocker, doorbell, door, and lock provide notice that entry into the
structure requires permission. Id. at 877. Kepley testified the group originally went to the front
door, rang the doorbell, and noticed the front door was locked. The evidence establishes Kepley
went to the back yard and entered the Sharp’s residence from the back door. There was sufficient
evidence for a rational jury to conclude Kepley had notice entry into the Sharps’ residence was
forbidden.
Mens Rea
            Although Kepley did not raise a complaint that the evidence was insufficient to establish the
requisite mental state, the trial court found mens rea was not established because there was not
sufficient proof of recklessness. However, Kepley testified he went to the front door of the residence
and rang the door bell. He stepped back from the door and noticed the window blinds moved and
heard footsteps. Kepley and Roth went through a gate into the backyard and to the back door. Roth
opened the door and both men went in. There is sufficient evidence upon which a rational jury could
have found Kepley intentionally, knowingly or recklessly entered the residence. 
Witness Credibility
            Lastly, although the trial court found the testimony of Maglure to have little credibility, this
finding does not affect the resolution of this issue. The testimony from members of the Sharp family
and Kepley’s own testimony was sufficient to establish the essential elements of the offense and to
support the jury’s verdict.
Conclusion
            The trial court abused its discretion in granting the motion for new trial. We reverse the
order granting a new trial and remand the cause to the trial court with instructions to render a
judgment of conviction according to the jury’s verdict and to proceed with sentencing.
Steven C. Hilbig, Justice
DO NOT PUBLISH